**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

FRED D. REEVES, JR.,

               Plaintiff,

v.                                          Case No. 08-13776

CORRECTIONAL MEDICAL SERVICES,

               Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION,
DIRECTING PAYMENT OF THE FILING FEE ON AN INSTALLMENT BASIS,
AND DIRECTING SERVICE OF THE COMPLAINT ON THE DEFENDANT**

Plaintiff Fred D. Reeves, Jr. has moved for reconsideration of the court's order directing him to prepay the filing fee for his civil rights complaint. The order directing payment was based on 28 U.S.C. § 1915(g), which requires prisoners to prepay the filing fee for their complaints if three or more of the prisoner's prior complaints were dismissed as frivolous or for failure to state a claim.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either

expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Plaintiff concedes that three or more of his prior complaints were dismissed as frivolous or for failure to state a claim. However, he seeks permission to proceed without prepayment of the filing fee under the exception for prisoners who are in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He alleges in his motion for reconsideration that pain in his back, legs, and groin has disabled him and rendered him immobile. (Pl.'s Mot. at 4-6.) He further alleges that, according to his doctors, he could become paralyzed if his spinal problems are not properly diagnosed or treated. (Pl.'s Mot. at 5.)

In his previous motion for prepayment of filing fees, Plaintiff primarily made conclusory allegations regarding his medical condition; however, Plaintiff now states specific facts regarding his condition and the diagnosis of his doctors. Plaintiff has alleged sufficient facts, which, if proven, may show that he is in imminent danger of serious physical injury. Because Plaintiff has shown a "palpable defect," which misled this court and will result in a different disposition, given the paucity of information conveyed in Plaintiff's last motion, the court will grant Plaintiff's motion for reconsideration. Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 4] is GRANTED, and Plaintiff may proceed without prepayment of the filing fee for this action.

The court, however, must assess and, if funds exist, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of (1) the average monthly

deposits to Plaintiff's account, or (2) the average monthly balance in Plaintiff's account for the preceding six (6) months. 28 U.S.C. § 1915(b)(1). The initial partial filing fee in this case is $1.00. After Plaintiff pays the initial partial filing fee, he must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).

The court ORDERS the Michigan Department of Corrections to: (1) withdraw or set aside the initial partial filing fee from Plaintiff's trust fund account; (2) forward this amount to the Clerk of Court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account. The court will notify the Michigan Department of Corrections when Plaintiff has paid the entire filing fee of $350.00.

IT IS FURTHER ORDERED that the United States Marshal shall serve the appropriate papers in this case on the defendant without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

Finally, IT IS ORDERED that Plaintiff serve a copy of all future documents on the defendant or on defense counsel if legal counsel represents the defendant. Plaintiff shall attach to all original documents filed with the Clerk of Court a certificate stating the date that Plaintiff mailed a copy of the original document to the defendant or to defense counsel. The court will disregard any paper received by a district judge or a magistrate

judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

                                           S/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: December 1, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 1, 2008, by electronic and/or ordinary mail.

                                           S/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522