UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRED REEVES,

                Plaintiff,                     CIVIL ACTION NO. 08-13776

           v.                          DISTRICT JUDGE ROBERT H. CLELAND

CORRECTIONAL MEDICAL          MAGISTRATE JUDGE VIRGINIA MORGAN
SERVICES,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This matter comes before the court on defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (D/E #16).  Plaintiff has filed a response in opposition to that motion (D/E #19), defendant filed a reply to that response (D/E #20), and plaintiff has filed a response to defendant's reply (D/E #26).  For the reasons stated below, this court recommends that defendant's motion be **DENIED**.

### II.  Background

#### A. Complaint

On September 3, 2008, plaintiff filed the complaint against defendant in this matter (D/E #1).  In that complaint, plaintiff alleges that he was assaulted by prison guards several years ago and that, since the assault, he has suffered pain in his lower back.  Plaintiff also alleges that his

-1-

pain cannot be relieved through rest or the medications provided to plaintiff, and that a number

of doctors have been requesting that defendant approve a "MRI LS spine test" for plaintiff since

at least January 3, 2007.  Plaintiff further alleges that defendant has denied those doctors'

requests due to "budget constraints" and that defendant's denial constitutes deliberate

indifference to plaintiff's serious medical needs.  As relief, plaintiff requests (1) that defendant

provide the doctor-recommended treatment and (2) damages in the amount of $3 million.

### B. Motion Before the Court

On March 3, 2009, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6) (D/E #16).  In that motion, defendant argues that it is entitled to dismissal pursuant to

42 U.S.C. § 1997e because plaintiff failed to exhaust his administrative remedies prior to filing

suit.  Defendant also argues that it is entitled to dismissal because plaintiff failed to identify an

unconstitutional policy, practice, or procedure of defendant.  Defendant further argues that

plaintiff has not shown himself to be in imminent danger and, therefore, his claim should be

dismissed under the "three strikes" rule.

On March 26, 2009, plaintiff filed a response to defendant's motion to dismiss (D/E #19).

In that response, plaintiff argues that he could not be required to file a Michigan Department of

Corrections ("MDOC") grievance because MDOC does not have the authority to resolve any

issues as to how defendant runs defendant's business.  Plaintiff also argues that he first found out

that defendant had denied the request for the MRI in the middle of 2007, at which time plaintiff

was on "modified access status" and his request for a Step I grievance went unanswered.

Plaintiff further argues that a Step III response was provided to his grievance on February 3,

-2-

2009.  With respect to defendant's second argument for dismissal, plaintiff asserts that, as a

prisoner, he cannot contain a copy of defendant's policies and procedure.  Plaintiff also asserts

that he is sure that defendant's policies and procedures ensure that an inmate in severe pain

receive a doctor-recommended course of treatment, but defendant has failed to do so in this case.

Plaintiff further asserts that he alleged that defendant denied him an MRI due to budget

constraints, which is a matter of defendant's policy.  With respect to defendant's third argument

for dismissal, plaintiff argues that it is obvious that plaintiff's condition poses an imminent

danger of serious physical injury and that it has gotten progressively worse in the absence of the

requested treatment.

On April 1, 2009, defendant filed a reply to plaintiff's response (D/E #20).  In that reply,

defendant argues that the Michigan District Courts have recognized that defendant is subject to

the MDOC grievance procedure while the Sixth Circuit has found that the PLRA does apply to

private corporations, such as defendant, that provide correctional services.  Defendant also

argues that only one grievance filed by plaintiff references defendant in connection to back pain

and that grievance was only made after plaintiff filed the complaint in this action.  Defendant

further argues that, to the extent that plaintiff pleads an Eighth Amendment claim in the

complaint, plaintiff fails to state a claim upon which relief can be granted as to defendant

because the complaint fails to allege that a specific policy, practice or procedure was violated by

defendant.

On April 20, 2009, plaintiff filed a response to defendant's reply (D/E #26).  In that

response, plaintiff argues that plaintiff tried to file timely grievances, but he was denied the

opportunity to do so by the grievance coordinator.  Plaintiff also argues that defendant's money-saving policy constitutes a constitutional violation.  Plaintiff further argues that the medical record clearly indicates that he was in imminent danger when he filed his complaint.

### III.  Standard of Review

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion, "factual allegations contained in a complaint must raise a right to relief above the speculative level.  Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation marks omitted).  That does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, __127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  See also CBC Companies, Inc. v. Equifax, Inc., 561 F.3d 569, 571 (6th Cir. 2009).  In its review, the court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).  The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  Bassett, 528 F.3d at 430.

**IV.  Discussion**

       **A. Exhaustion of Administrative Remedies**

       Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq*., "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court.  Jones v. Bock, 549 U.S. 199, 202, 127 S.Ct. 910, 914 (2007); Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378, 2383 (2006).  Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules."  Woodford, 548 U.S. at 90 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").  However, § 1997e does not impose a jurisdictional bar to federal jurisdiction, Curry v. Scott, 249 F.3d 493, 501 -503 (6th Cir. 2001), and while the preferred practice is for inmates to complete the grievance process prior to the filing of an action, "because the exhaustion requirement is not jurisdictional, district courts have some discretion in determining compliance with the statute."  Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999).

Contrary to what plaintiff argues in his brief, the PLRA and its exhaustion requirements apply to private corporations, such as CMS, that provide correctional services:

> We are persuaded that the PLRA's exhaustion requirement applies to prisoners held in private facilities. This conclusion is consistent with the language of the statute and the holdings of this and all other courts that have considered the issue. Our ruling is also consistent with the purpose of the exhaustion requirement, which applies with equal force whether the prisoner is held in a prison run by a governmental entity or one operated by a private corporation. [Boyd v. Corr. Corp. of Am., 380 F.3d 989, 994 (6th Cir. 2004), cert denied 544 U.S. 920 (2005).]

See also Alder v. Corr. Med. Servs., 73 Fed. Appx. 839, 842 (6th Cir. 2003) (granting summary judgment to CMS where the plaintiff failed to exhaust administrative remedies regarding his claims against CMS)

In this case, the administrative procedure applicable to the plaintiff's claims are set forth in MDOC Policy Directive 03.02.130, "Prisoner/Parolee Grievances." (MDOC PD 03.02.130 (eff date March 5, 2007; attached as Exhibit E to Defendant's Motion to Dismiss) Pursuant to that policy directive, the MDOC grievance process consists of three steps. First, after an unsuccessful attempt at a verbal resolution, an inmate must file a Step I grievance setting forth the issue being grieved and identifying the persons involved in the issue. If the inmate is dissatisfied with the Step I response to his grievance, he may file a Step II appeal; which is followed by a Step III grievance appeal in the event he is dissatisfied with the Step II grievance response. Step III is the final stage of the MDOC grievance process. (MDOC PD 03.02.130, ¶¶ P, R, V, BB, FF; attached as Exhibit E to Defendant's Motion to Dismiss)

All grievances pursued through all three steps of the MDOC grievance process are recorded are logged in a computerized grievance tracking system.  (MDOC PD 03.02.130, ¶ GG; attached as Exhibit E to Defendant's Motion to Dismiss)  The grievance inquiry for plaintiff, provided by defendant, demonstrates that plaintiff completed the grievance process with respect to numerous grievances and that twenty-one of those grievances were medically related. (Grievance Inquiry, attached as part of Exhibit C to Defendant's Motion to Dismiss; MDOC Grievance Category Codes, attached as Exhibit D to Defendant's Motion to Dismiss)  Defendant also provides the forms relating to those twenty-one grievances while asserting that none of them involved the allegations of back pain found in plaintiff's complaint.  (Grievance Forms, attached as part of Exhibit C to Defendant's Motion to Dismiss)  On the basis of that evidence, defendant argues that plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit.[1]

Plaintiff does not argue that he completed the three step grievance process with respect to the allegations contained in his complaint prior to filing that complaint.  Instead, plaintiff asserts that he was on "modified access" and unable to file a grievance, despite his requests to do so. MDOC Policy Directive 03.02.130 contains provisions for "modified access" to the grievance

---

[1]In its reply brief, defendant further argues that plaintiff also failed to properly exhaust his administrative remedies because plaintiff did not name the individuals being grieved in any grievance.  However, while PD 03.02.130 does require that an inmate identify the individuals being grieved (MDOC PD 03.02.130, ¶ R; attached as Exhibit E to Defendant's Motion to Dismiss), this argument is merely derivative of defendant's argument that plaintiff did not timely file any grievances with respect to the allegations in his complaint and it need not be addressed separately.  Moreover, this court would note that, as discussed below, plaintiff's complaint is against CMS and its alleged policy and therefore there was no single individual to identify.

process for prisoners with a history of abusing the grievance system.  (MDOC PD 03.02.130, ¶¶ HH-LL; attached as Exhibit E to Defendant's Motion to Dismiss)  Pursuant to those provisions, a prisoner who (1) files an excessive number of grievances which are vague, duplicative, raise non-grievable issues, or contain prohibited language; or (2) is found guilty of misconduct for filing an unfounded grievance, may have access to the grievance process limited by the Warden for an initial period of not more than ninety calendar days.  (MDOC PD 03.02.130, ¶¶ HH; attached as Exhibit E to Defendant's Motion to Dismiss)  While on modified access, a prisoner is "able to obtain Step I grievance forms only through the Step I Grievance Coordinator."  MDOC PD 03.02.130, ¶ KK; attached as Exhibit E to Defendant's Motion to Dismiss); Jackson v. Madery, 158 Fed. Appx. 656, 660 (6th Cir. 2005).  However, "a prisoner on modified access must make an attempt to obtain a grievance form from the Step I coordinator" Sarah v. Heidtman, 97 Fed. Appx. 550, 551 (6th Cir. 2004), and a "grievance form shall be provided if the Step I Grievance Coordinator determines that the issue the prisoner ... wishes to grieve is grievable and otherwise meets the criteria outlined in this policy.  The Grievance Coordinator shall maintain a record of requests received for grievance forms and whether the request was approved or denied and, if denied, the reason for the denial."  (MDOC PD 03.02.130, ¶ KK; attached as Exhibit E to Defendant's Motion to Dismiss)

     Given that PD 03.02.130 does not establish any administrative procedure for a prisoner on modified access to appeal after a grievance coordinator has denied the prisoner's request for a Step I grievance form on a non-frivolous complaint, the Sixth Circuit has held that a Michigan prisoner who has been denied a Step I grievance form under such circumstances has exhausted

-8-

his available administrative remedies.  See Walker v. Michigan Dep't of Corr., 128 Fed. Appx.

441, 446 (6th Cir. 2005); Kennedy v. Tallio, 20 Fed. Appx. 469, 470-471 (6th Cir. 2001).  See

also Marr v. Jones, No. 1:07-1201, 2009 WL 160787, *4-5  (W.D.  Mich. January 22, 2009)

(Neff, J.); Dawson v. Norwood, No. 1:06-914, 2007 WL 3302102, *2 (W.D. Mich. November 6,

2007) (Maloney, J.).

      Defendant does not dispute that plaintiff was on modified access and, instead, argues that

plaintiff must do more than make an unsupported claim that he requested a grievance form while

on modified access.  However, requiring plaintiff to come forward with evidence demonstrating

that he requested a grievance while on modified access is inappropriate at this time.  Defendant's

motion was made pursuant to Fed. R. Civ. P. 12(b)(6), which challenges the facial validity of the

complaint.  In other words, the questions is whether "as a matter of law, the plaintiff is entitled to

legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635,

638 (6th Cir. 1999).  Plaintiff did allege in his complaint that he requested a grievance form

while on modified access (Complaint, p. 13) and, in any event, failure to exhaust is an

affirmative defense under the PLRA and inmates are not required to specially plead or

demonstrate exhaustion in their complaints.  Grinter v. Knight, 532 F.3d 567, 577-578 (6th Cir.

2008) (internal quoting omitted).  See also Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921,

166 L.Ed.2d 798 (2007) ( "failure to exhaust is an affirmative defense under the PLRA, and that

inmates are not required to specially plead or demonstrate exhaustion in their complaints.")

      Defendant did submit evidence outside the pleadings as part of its motion and, therefore,

it should be construed as a motion for summary judgment.  See Fed. R. Civ. P. 12(d).  ("If, on a

motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")

However, if defendant's motion to dismiss is treated as a motion for summary judgment, plaintiff

"must be given a reasonable opportunity to present all the material that is pertinent to the

motion."  Fed. R. Civ. P. 12(d).  Plaintiff in fact submit some evidence along with his response,

but it appears that some of it relates to discovery requests and his attempts to gather information

regarding his alleged grievance requests, and it does not appear that plaintiff has had a

reasonable opportunity to present all the material pertinent to this motion.

      Moreover, to the extent the court does look at outside evidence, defendant has failed to

meet its initial burden of demonstrating the absence of a genuine issue of fact as to whether

plaintiff exhausted his administrative remedies prior to filing suit.  Defendant does not dispute

that plaintiff was on modified access and it offers no evidence regarding any lack of requests by

plaintiff, despite the fact that the Grievance Coordinator is required to maintain a record of

requests received for grievance forms by inmates on modified access and whether the request

was approved or denied and, if denied, the reason for the denial."  (MDOC PD 03.02.130, ¶ KK;

attached as Exhibit E to Defendant's Motion to Dismiss)

      Plaintiff also argues that he completed the MDOC grievance process with respect to the

allegations found in his complaint after he filed the complaint.[2]  However, § 1997e(a) requires

---

      [2]While plaintiff filed his complaint on September 3, 2008 (D/E #1), the MDOC grievance procedures regarding his claims against defendant were no completed until February 3, 2009. (Step III Grievance Response, attached as part of Exhibit B to Plaintiff's Response to Defendant's Motion for Summary Judgment)

-10-

the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot

exhaust these remedies during the pendency of the action. See Freeman v. Francis, 196 F.3d

641, 645 (6th Cir.1999).[3]

### B. Policy, Practice, or Procedure

Defendant also argues that plaintiff's complaint must be dismissed because plaintiff

failed to pled a violation pursuant to policy, custom or usage against defendant. Defendant

cannot be held liable under § 1983 on a respondeat superior or vicarious liability basis. Monell

v. Department of Social Serv., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Street

v. Corrections Corporation of America, 102 F.3d 810, 818 (6th Cir. 1996). Rather, liability will

attach only where the plaintiff establishes that the defendant engaged in a "policy or custom"

that was the "moving force" behind the deprivation of the plaintiff's rights. Monell, 436 U.S. at

---

[3]This court would note that § 1997e does not impose a jurisdictional bar to federal jurisdiction, Curry v. Scott, 249 F.3d 493, 501 -503 (6th Cir.2001), and while the preferred practice is for inmates to complete the grievance process prior to the filing of an action, "because the exhaustion requirement is not jurisdictional, district courts have some discretion in determining compliance with the statute." Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999). In Wyatt, for example, the Sixth Circuit found that the plaintiff had substantially complied with the exhaustion requirement by making a good faith attempt to reach the appropriate prison official and the case was allowed to proceed despite the plaintiff's failure to properly exhaust his administrative remedies. Wyatt, 193 F.3d at 880. In this case, the applicable statute of limitations has not run and plaintiff could simply refile his complaint if it is dismissed for lack of exhaustion, without even having to pay another filing fee, Owens v. Keeling, 461 F.3d 763, 773 (6th Cir. 2006). Moreover, the Sixth Circuit has identified the benefits of exhaustion to include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Jones, 127 S.Ct. at 923. Those goals of the exhaustion requirement have either been met or are not reachable now given plaintiff's complaint, and dismissing plaintiff's complaint, just to have him refile, makes little sense in terms of judicial economy.

694; see also Doe v. Claiborne County, 103 F.3d 495, 507 (6th Cir. 1996) ("Under Monell, the [defendants] cannot be found liable unless the plaintiff can establish that an officially executed policy, or the toleration of a custom ... leads to, causes, or results in the deprivation of a constitutionally protected right."). The Monell Court described a policy as including "a policy statement, ordinance, regulation, or decision officially adopted and promulgated...." 436 U.S. at 690. An actionable "custom," in contrast, "has not received formal approval through ... official decisionmaking channels." Monell, 436 U.S. at 690-91.

Here, considering that Plaintiff's pro se complaint is held to a less stringent standard than complaints drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), defendant is not entitled to dismissal on the basis that plaintiff has failed to state a claim. Plaintiff's claim against defendant appears to be based upon a policy or practice of choosing cost savings over care (Complaint, p. 16) and federal district courts in Michigan have expressly found identifying such a policy is sufficient. See, e.g., Davis v. Caruso, No. 07-11740, 2009 WL 877964, *14 (E.D. Mich. March 30, 2009) (Hood, J.) (denying CMS's motion to dismiss where the plaintiff alleged that CMS had a policy of denying care in order to save costs); Holmes v. Overton, No. 5:03-CV-88, 2006 WL 2795459, *5 (W.D. Mich. Sept.27, 2006) (Edgar, J. adopting and accepting report and recommendation of Greeley, M.J.) (accepting and adopting report and recommendation and denying defendants' motion for summary judgment, "because plaintiff has shown that there was a policy that gave economic incentive to deny medical care, a question of fact exists in this case whether CMS should be liable.").

-12-

**C. Three Strikes**

On September 3, 2008, plaintiff filed an application to proceed without prepayment of

fees (D/E #2).  The Honorable Robert H. Cleland denied that application, on the basis that three

of plaintiff's prior complaints have been dismissed as frivolous or for failure to state a claim

(D/E #3).  Plaintiff subsequently filed a motion for reconsideration of that order and a

declaration in support of his motion for reconsideration (D/E #6).  On December 1, 2008, Judge

Cleland granted the application to proceed without prepayment of fees (D/E #6).  In doing so,

Judge Cleland held:

> Plaintiff concedes that three or more of his prior complaints were
> dismissed as frivolous or for failure to state a claim.  However, he
> seeks permission to proceed without prepayment of the filing fee
> under the exception for prisoners who are in "imminent danger of
> serious physical injury."  28 U.S.C. § 1915(g).  He alleges in his
> motion for reconsideration that pain in his back, legs, and groin
> has disabled him and rendered him immobile. (Pl.'s Mot. at 4-6.)
> He further alleges that, according to his doctors, he could become
> paralyzed if his spinal problems are not properly diagnosed or
> treated. (Pl.'s Mot. at 5.)
>
> In his previous motion for prepayment of filing fees, Plaintiff
> primarily made conclusory allegations regarding his medical
> condition; however, Plaintiff now states specific facts regarding
> his condition and the diagnosis of his doctors.  Plaintiff has alleged
> sufficient facts, which, if proven, may show that he is in imminent
> danger of serious physical injury.  Because Plaintiff has shown a
> "palpable defect," which misled this court and will result in a
> different disposition, given the paucity of information conveyed in
> Plaintiff's last motion, the court will grant Plaintiff's motion for
> reconsideration. [D/E #6, p. 2]

In its motion, CMS argues that plaintiff has not shown himself to be in imminent danger and, therefore, his claim should be dismissed under the "three strikes" rule.  However, as quoted above, Judge Cleland already ruled that plaintiff alleged sufficient facts, which, if proven, may show that he is in imminent danger of serious physical injury and, therefore, dismissal pursuant to the three strikes rule is not appropriate at this time.  "Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation."  U.S. v. Mendez, 498 F.3d 423, 426 (6th Cir. 2007) (quoting United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994)).

**V.  Conclusion**

For the reasons discussed above, the court recommends that defendant's motion be **DENIED**.

## REVIEW

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary

of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objection must be served upon this Magistrate Judge.

   ***Note this especially, at the direction of Judge Cleland:*** any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of objections, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                    S/Virginia M. Morgan
                                    Virginia M. Morgan
                                    United States Magistrate Judge
Dated: May 29, 2009

---

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on May 29, 2009.

                                    s/J. Johnson
                                    Case Manager to
                                    Magistrate Judge Virginia M. Morgan

-15-