**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRED REEVES,

    Plaintiff,

v.                                                           Case No. 08-13776

CORRECTIONAL MEDICAL SERVICES,

    Defendant.
                                            /

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO DISMISS**

On May 29, 2009, Magistrate Judge Virginia Morgan issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court deny Defendant's motion to dismiss. Defendant filed objections on June 12, 2009. Plaintiff did not file a response brief to Defendant's objections. Having reviewed the filings, the court will overrule Defendant's objections and adopt the R&R.

**I.  BACKGROUND**

Plaintiff alleges that his back was injured when prison guards assaulted him several years ago. He also alleges that since the assault he has suffered from back pain. He further alleges that the pain was not relieved by the medical treatment, viz., pain medication and rest, provided to him by Defendant. According to Plaintiff's complaint, several doctors have determined that an MRI is necessary to determine the cause of Plaintiff's pain. These doctors sought approval for the MRI procedure from Defendant, but Defendant refused approval due to budget constraints. Thus, Plaintiff

argues that Defendant's cost-cutting policy has resulted in deliberate indifference to his medical needs.

On March 3, 2009, Defendant filed a motion to dismiss, arguing that (1) Plaintiff failed to exhaust administrative remedies; (2) Plaintiff failed to plead sufficient facts tying Defendant's alleged policy to the denial of medical attention; and (3) Plaintiff has not shown himself to be in imminent danger and dismissal is proper under the three-strikes rule.  Magistrate Judge Morgan rejected each of these arguments, and recommended that Defendant's motion to dismiss be denied.  Defendant now objects to the Magistrate Judge's recommendation on each of these three arguments, based largely on the same reasoning presented in its motion to dismiss brief.  For the reasons stated below, the court agrees with the R&R and overrules Defendant's objections.  The court will adopt the Magistrate Judge's recommendation denying Defendant's motion to dismiss.

## II.  STANDARD

The filing of timely objections to a Magistrate Judge's R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This de novo review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

## III.  OBJECTIONS

Defendant makes three objections to the Magistrate Judge's report and recommendation. After reviewing each objection and the underlying facts de novo, the court will overrule Defendant's objections and adopt the Magistrate Judge's report.

### A. Objection No. 1

Defendant argues that the Magistrate Judge erred in finding that Plaintiff has sufficiently exhausted administrative remedies. (Def.'s Objs. 8.) Pursuant to the Michigan Department of Corrections Policy Directive, under normal grievance procedure, a complainant is required to go through three administrative steps: Step I is filing a grievance; Step II is an initial appeal; and Step III is the final appeal. (R&R 6.) Plaintiff does not claim to have followed these three steps. Instead, Plaintiff pleaded that he was on "modified access" to the grievance process. When a prisoner is on modified access he or she is only allowed access to Step I grievance forms if a Step I "grievance coordinator" approves access. (R&R 8.) A prisoner under modified access has exhausted administrative remedies once the prisoner requests Step I access forms and the Step I grievance coordinator denies access to those forms. *See, e.g.*, *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005). Plaintiff pleaded that he was on modified access, requested a Step I grievance form, was denied, and, thus, exhausted his administrative remedies. (Compl. 13.) The Magistrate Judge reasoned that this was sufficient to establish exhaustion of administrative remedies; the court agrees.

Because Defendant submitted evidence outside of the pleadings as part of its motion, the Magistrate Judge construed Defendant's motion as one for summary judgment. The Magistrate Judge further reasoned that Defendant's evidence did not

3

eliminate a genuine issue of material fact concerning whether Plaintiff exhausted administrative remedies. Defendant admits that it is its burden to prove failure to exhaust administrative remedies, (Def.'s Summ. J. Br. 4.), and it has offered no evidence establishing that Plaintiff failed to request a Step I form to grieve the lack of medical attention for his back pain. Defendant argues that the Magistrate Judge incorrectly construed its motion to dismiss as a motion for summary judgment, because the records submitted by Defendant were subject to judicial notice. (Def.'s Objs. 13.) Defendant reasons that the records were subject to judicial notice because they were available through the Freedom of Information Act. *Id.* The court is skeptical of Defendant's expansive interpretation of judicial notice,[1] but even if Defendant were correct, the 12(b)(6) standard does not help Defendant because there is still nothing establishing that Plaintiff failed to exhaust administrative remedies.

Defendant also argues that Plaintiff failed to exhaust administrative remedies because he did not name Defendant in any of the grievances. The Magistrate Judge rejected this argument, because Plaintiff exhausted administrative remedies by requesting a Step I form while on modified access. Accordingly, whether Plaintiff named Defendant in other grievances is irrelevant. (R&R 7.) The court agrees. Defendant has not met its burden of establishing that Plaintiff failed to exhaust administrative remedies.

### B. Objection No. 2

---

[1] If, for example, all public records are subject to judicial notice, then there could be no need for a public-records exception to hearsay.

4

Defendant also argues that the Magistrate Judge erred in finding that Plaintiff has sufficiently pleaded facts linking Defendant's policies or customs to the denial of medical attention.  (Def.'s Objs. 8.)  Plaintiff pleaded that Defendant had a cost-cutting policy, and that this policy resulted in the denial of his doctor's request for an MRI.  (Compl. 16.)  The Magistrate Judge, citing an Eastern District of Michigan case, reasoned that this was sufficient to plead a denial of medical care claim.[2]  The court agrees and notes that Plaintiff pleaded that his doctors informed him of the need for the MRI and told him that Defendant denied their requests for an MRI based on their cost-cutting policy. (Compl. 16.)

## C.  Objections No. 3

Finally, Defendant objects to the Magistrate Judge's recommendation that dismissal based on the three strikes rule should not be granted.  The Magistrate Judge noted that the court, in a previous order, found that Plaintiff pleaded sufficient facts supporting an allegation of imminent danger.  As the Magistrate Judge pointed out, the law of the case prohibits revisiting this issue given the absence of clear error.

## IV.  CONCLUSION

---

[2]  Defendant cites a Seventh Circuit case for the proposition that a cost-cutting policy is simply "insufficient to support a claim for a constitutional policy."  (Def.'s Objs. 20.)  The cited case, however, does not stand for this general proposition—instead the Seventh Circuit held that where no individual violated plaintiff's constitutional rights, then no policy or custom could have caused a violation.  Here, a portion of the very language quoted in Defendant's brief serves to indicate that the case does not, in fact, stand for the proposition that Defendant claims.  *Higgins v. Corr. Med. Servs.of Ill., Inc*, 178 F.3d 508, 513-14 (7th Cir. 1999).  To state the court's concerns very gently, Defendant's counsel appears to have stretched the holding of this case beyond its breaking point; the court sees similar problems in citations used to support Defendant's exhaustion-of-remedies contentions.  Greater care and caution needs to be exercised by counsel in briefing issues in the future.

For the reasons stated above, IT IS ORDERED that Defendant's Objections [Dkt. # 33] are OVERRULED, and the Magistrate Judge's Report and Recommendation [Dkt. # 30] is ADOPTED AND INCORPORATED BY REFERENCE.

IT IS FURTHERED ORDERED that Defendant's motion to dismiss [Dkt. # 16] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 17, 2009, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522