UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

       Plaintiff,                      CIVIL ACTION NO. 08-13776

       v.                                DISTRICT JUDGE ROBERT H. CLELAND

CORRECTIONAL MEDICAL         MAGISTRATE JUDGE VIRGINIA MORGAN
SERVICES,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (D/E #55)**

**I.  Introduction**

This matter comes before the court on defendant's Motion for Summary Judgment (D/E #55). Plaintiff did not file a response to defendant's motion for summary judgment and the deadline for filing such a response has passed (D/E #57). For the reasons stated below, this court recommends that defendant's motion be **GRANTED** and that summary judgment be entered in favor of defendant.

**II.  Background**

    **A. Complaint**

On September 3, 2008, plaintiff filed the complaint against defendant in this matter (D/E #1). In that complaint, plaintiff alleges that he was assaulted by prison guards several years ago

-1-

and that, since the assault, he has suffered pain in his lower back. Plaintiff also alleges that his pain cannot be relieved through rest or the medications provided to plaintiff, and that a number of doctors have been requesting that defendant approve a "MRI LS spine test" for plaintiff since at least January 3, 2007. Plaintiff further alleges that defendant has denied those doctors' requests due to "budget constraints" and that defendant's denial constitutes deliberate indifference to plaintiff's serious medical needs. As relief, plaintiff requests (1) that defendant provide the doctor-recommended treatment and (2) damages in the amount of $3 million.

### B. Motion Before the Court

On July 20, 2010, defendant filed the motion for summary judgment pending before the court (D/E #55). In that motion, defendant first argues that it is entitled to summary judgment because it may not be held vicariously liable under 42 U.S.C. § 1983 and plaintiff cannot identify any unconstitutional policy, practice, or procedure connected to defendant which, when relied upon, resulted in the alleged violation of plaintiff's Constitutional rights. Defendant also argues that it is entitled to summary judgment to the extent plaintiff alleges any delay in his treatment had a detrimental effect because there is no evidence that any alleged delay resulted in a further injury or any worsening of plaintiff's condition.

As stated above, plaintiff did not file a response to defendant's motion for summary judgment and the deadline for filing such a response has passed (D/E #57).

## III. Standard of Review

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56(b). That rule states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a

declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**IV. Discussion**

    **A. Policy, Practice, or Procedure**

Defendant first argues that it is entitled to summary judgment because plaintiff cannot demonstrate that any policy, custom or usage of defendant's caused plaintiff's alleged constitutional deprivation. Defendant cannot be held liable under § 1983 on a respondeat superior or vicarious liability basis. Monell v. Department of Social Serv., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Street v. Corrections Corporation of America, 102 F.3d 810, 818 (6th Cir. 1996). Rather, liability will attach only where the plaintiff establishes that the defendant engaged in a "policy or custom" that was the "moving force" behind the deprivation of the plaintiff's rights. Monell, 436 U.S. at 694; see also Doe v. Claiborne County, 103 F.3d 495, 507 (6th Cir. 1996) ("Under Monell, the [defendants] cannot be found liable unless the plaintiff can establish that an officially executed policy, or the toleration of a custom ... leads to, causes, or results in the deprivation of a constitutionally protected right."). The Monell Court described a policy as including "a policy statement, ordinance, regulation, or decision officially adopted and promulgated...." 436 U.S. at 690. An actionable "custom," in contrast, "has not received formal approval through ... official decisionmaking channels." Monell, 436 U.S. at 690-91.

As discussed above, in determining a motion for summary judgment, the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the nonmoving party's claim. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 & n. 12 (6th Cir. 1989) (citations omitted). In this case, defendant has met that initial burden through plaintiff's medical records and declarations from defendant's

reviewing physicians. Plaintiff alleges that defendant denied plaintiff an MRI due to budget constraints and the medical records in this case do demonstrate that reviewing physicians twice denied requests for an MRI from plaintiff's treating physicians. (Plaintiff's Medical Records, pp. 1346-1347, 1525-1526; attached under seal as Exhibit A to Defendant's Motion for Summary Judgment) However, as discussed below, the only evidence presented in this case provides that, on each of those occasions, the reviewing physician determined that plaintiff did not meet the medical criteria necessary to undergo an MRI of the spine. (Plaintiff's Medical Records, pp. 1346-1347, 1525-1526; attached under seal as Exhibit A to Defendant's Motion for Summary Judgment)

With respect to the first request for an MRI, Dr. Ivens' denial provides that he did not authorize the MRI because plaintiff's medical records did not indicate an anatomic relationship between nerve distribution and plaintiff's pain. (Plaintiff's Medical Records, p. 1347; attached under seal as Exhibit A to Defendant's Motion for Summary Judgment) Similarly, in his subsequent declaration, Dr. Keith Ivens stated that "an MRI is not medically indicated when a patient's complaints of radiating pain do not coincide with a neural distribution. [Plaintiff's] areas of back and radiating pain did not reflect an anatomic relationship with nerve distribution." (Declaration of Keith Ivens, M.D., ¶ 10; attached as Exhibit B to Defendant's Motion for Summary Judgment) Dr. Ivens also expressly stated in his declaration that his decision not to approve the MRI was based solely on his own independent medical judgment. (Declaration of Keith Ivens, M.D., ¶ 6; attached as Exhibit B to Defendant's Motion for Summary Judgment)

With respect to the second request for an MRI, Dr. Harriet Squier stated in her denial that plaintiff again did not meet the criteria for an MRI., while also stating that she may reconsider the request if complete and detailed musculosketal and neurological examinations showed focal neurological deficits and if the home exercise and stretching program failed. (Plaintiff's Medical Records, p. 1526; attached under seal as Exhibit A to Defendant's Motion for Summary Judgment) Moreover, in her subsequent declaration, Dr. Squier specifically stated that an MRI was not medically indicated to evaluate plaintiff's back "given the absence of detailed musculosketal or neurological examinations showing focal neurological deficits, and given the absence of progressive neurological symptoms." (Declaration of Harriet Squier, M.D., ¶ 10; attached as Exhibit C to Defendant's Motion for Summary Judgment) Also, like Dr. Ivens, Dr. Squier stated that her decision concerning the MRI was based solely on her independent medical judgment. (Declaration of Harriet Squier, M.D., ¶ 6; attached as Exhibit C to Defendant's Motion for Summary Judgment)

Given the above medical record and declarations, defendant has met its initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the nonmoving party's claim. Once defendant met its initial burden, the burden shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. In doing so, plaintiff cannot merely rest upon the allegations contained in his pleadings and he must submit evidence demonstrating that material issues of fact exist. Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e). Here, plaintiff has failed to respond to defendant's motion for summary judgment or otherwise come forward with any evidence. By

failing to do so, plaintiff has merely rested upon the allegations contained in his pleadings and he has failed to demonstrate that material facts exist. Accordingly, defendant is entitled to summary judgment on plaintiff's entire claim because plaintiff cannot demonstrate that a genuine issue of material fact exists with respect to whether any policy, custom or usage of defendant's caused plaintiff's alleged constitutional deprivation. Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e).

### B. Delay in Treatment

Defendant also argues that, even if there is a genuine issue with respect to whether any policy, custom or usage of defendant's caused plaintiff's alleged constitutional deprivation, defendant is entitled to summary judgment to the extent plaintiff alleges any delay in his treatment had a detrimental effect because there is no evidence that any alleged delay resulted in any further injury or worsening of plaintiff's condition.

Elementary principles concerning the Eighth Amendment's proscription of cruel and unusual punishment establish the government's obligation to provide medical care for those whom it is punishing by incarceration and a prisoner's claim that his constitutional right to medical treatment was violated is analyzed under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102-104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To demonstrate a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must show a deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To succeed on a claim of deliberate indifference, plaintiff must satisfy two elements, an objective one and a subjective one. Wilson, 501 U.S. at 300. The objective element is satisfied by a showing that plaintiff had a serious

medical need. Wilson, 501 U.S. at 297. "'Where the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person,' this obviousness is itself sufficient to satisfy the objective component of the adequate medical care test." Johnson v. Karnes, 398 F.3d 868, 874 (6th Cir. 2005), quoting Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004). However if the need involves minor needs or non-obvious complaints of a serious need for medical care, the plaintiff "'must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.'" Johnson, 398 F.3d at 874, quoting Napier v. Madison County, Kentucky, 238 F.3d 739, 742 (6th Cir. 2001). To satisfy the subjective component of the adequate medical care test, the plaintiff must demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

Here, defendant argue that there is no medical evidence suggesting that any delay in treatment worsened plaintiff's condition or otherwise produced any detrimental effect regarding plaintiff's back. By identifying those areas where there is an absence a genuine issue of material fact, and where defendant would be entitled to judgment as a matter of law, defendant has met its initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the nonmoving party's claim. See Mt. Lebanon Pers. Care Home, Inc., 276 F.3d at 848 (citing Celotex, 477 U.S. at 323, 106 S.Ct. 2548).

As discussed above, once defendants met their initial burden, the burden shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. In doing so, plaintiff cannot merely rest upon the allegations

contained in his pleadings and he must submit evidence demonstrating that material issues of fact exist.  Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e).  In this case, plaintiff has failed to respond to defendant's motion for summary judgment or otherwise come forward with any evidence.  By failing to do so, plaintiff has merely rested upon the allegations contained in his pleadings and he has failed to demonstrate that material facts exist.  Accordingly, defendant is entitled to summary judgment to the extent plaintiff alleges any delay in his treatment had a detrimental effect.  Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e).

## V.  Conclusion

For the reasons discussed above, the court recommends that defendant's motion for summary judgment (D/E #55) be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                          s/Virginia M. Morgan
                                          Virginia M. Morgan
                                          United States Magistrate Judge

Dated: September 9, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on September 9, 2010.

                                          s/J. Johnson
                                          Case Manager to
                                          Magistrate Judge Virginia M. Morgan