**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FRED REEVES,

    Plaintiff,

v.                                              Case No. 08-13776

CORRECTIONAL MEDICAL SERVICES,

    Defendant.
                                               /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On September 9, 2010, Magistrate Judge Virginia Morgan issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court grant Defendant's motion for summary judgment. Plaintiff filed his "Plaintiff's Affidavit/Objections to Report and Recommendation to Grant Defendant's Motion for Summary Judgment" on September 24, 2010, and Defendant filed a response on October 6, 2010. The court overrules Plaintiff's objections, adopts the R&R in full, and grants Defendant's motion for summary judgment.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord United States v. Raddatz*, 447 U.S. 667, 673-82 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all of the relevant evidence previously reviewed by the magistrate to determine whether the

recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." 474 U.S. at 147 (footnote omitted).

An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *See, e.g.*, *Slater v. Potter,* 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong."). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard*, 932 F.2d at 509).

Further, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

The court has reviewed Plaintiff's "Affidavit/Objections" to the R&R, and cannot discern a single, reasoned "objection" as that term is used in 28 U.S.C. § 636. Rather, after failing to file a response to Defendant's summary judgment motion, in the pending document Plaintiff cites a Michigan Department of Corrections Operating Procedure for the first time, summarizes the results of several past medical examinations, and then concludes:

> All plaintiffs [sic] doctors have told him that had the MRI been done earlier plaintiffs [sic] condition could have been better controlled. Plaintiff at this time cannot do daily chores or sit [and] stand or lay without severe pain.
> Based on plaintiffs [sic] medical files, plaintiff has demonstrated that that [sic] defendants subjectively perceived a risk of harm and electively disregarded it due to budget constraints.

(Pl.'s Objections 7.)

Plaintiff advances arguments, based on his summary of his medical records, a policy of the Michigan Department of Corrections, and unsupported medical conclusions, which should have been raised in a response to Defendant's motion for summary judgment, and are therefore untimely. The court therefore overrules the "objections" and grants summary judgment both because Plaintiff has failed to state a proper objection and, relatedly, because the court need not reach the merits of Plaintiff's

arguments, which would only have been cognizable in a response to Defendant's motion.

As the Magistrate Judge concluded, Defendant met its initial burden on summary judgment of showing that there was no genuine issue of material fact as to (1) the absence of a policy, practice, or procedure of Defendant that resulted in a violation of Plaintiff's constitutional rights, or (2) the absence of evidence showing that any alleged delay in treatment resulted in a worsening of Plaintiff's condition. The burden then shifted to Plaintiff to demonstrate that there was a genuine issue of one of these material facts, but Plaintiff failed to meet that burden by neglecting to file a response. Plaintiff's "objections" do not direct the court's attention to any particular part of the R&R with which Plaintiff disagrees, but rather attempt to remedy Plaintiff's failure to meet his burden by alleging that a cost-control policy led to the violation of Plaintiff's rights and by arguing that his current doctors claim an earlier MRI could have prevented some of the problems from which Plaintiff now suffers.

These are not objections subject to review under 28 U.S.C. § 636(b)(1). *See Slater,* 28 F. App'x at 513; *Howard,* 932 F.2d at 508-09. In addition, the court finds the Magistrate Judge's recommendation to be well-founded. In the absence of pointed and persuasive objections to the contrary, the court accepts the Magistrate Judge's recommendation and grants Defendant's motion for summary judgment.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 60] are OVERRULED, and the Magistrate Judge's September 9, 2010 "Report and Recommendation to Grant . . . Motion for Summary Judgment" [Dkt. # 59] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

4

IT IS FURTHER ORDERED that Defendant's "Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56" [Dkt. # 55] is GRANTED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: October 25, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2010, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522